**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RAJAT KUMAR PAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-528-J |
| | ) | |
| ACTING FIELD OFFICE DIRECTOR, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Rajat Kumar Pal, an Indian national, is currently in the custody of Immigration and Customs Enforcement (ICE).  Petitioner filed a Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) [Doc. No. 1] and the matter was referred to United States Magistrate Judge Amanda L. Maxfield.  Judge Maxfield has issued a Report and Recommendation recommending that the Court: (1) grant the Petition and order Respondents to provide Petitioner with a bond hearing, as required under 8 U.S.C. § 1226(a) and due process, within seven days or otherwise release him; (2) require the Government to bear the burden at the bond hearing to prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community to justify continued detention; and (3) order Respondents to certify compliance within ten days.  (Rep. & Rec.) [Doc. No. 17].  Respondents filed a timely Objection (Obj.) [Doc. No. 18], triggering de novo review. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

## I.  Background

Petitioner entered the United States in April 2022.  He was placed into removal proceedings and released on his own recognizance.  In February 2026, ICE placed him in custody again, where he remains without a hearing.  Petitioner asserts that his continued detention without a bond hearing violates the Immigration and Nationality Act (INA) and his due process rights.

**II.**    **Report and Recommendation**

Upon review, Judge Maxfield concludes that Petitioner is not seeking admission as contemplated under 8 U.S.C. § 1225(b)(2)(A) and thus 8 U.S.C. § 1226(a) controls his detention. As such, Petitioner's continued detention without a bond hearing violates the INA. *See* Rep. & Rec. at 7-10. Judge Maxfield further concludes that due process also entitles Petitioner to a bond hearing and as such, the Court should require the Government to bear the burden to prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community to justify continued detention. *See id.* at 10-20.

**III.**    **Analysis**

Respondents first object to Judge Maxfield's conclusion that § 1226(a) controls Petitioner's detention. *See* Obj. at 2-8. Although employing a de novo review, the Court declines to engage in lengthy analysis. This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See Rawal v. Figueroa*, No. CIV-26-354-J, 2026 WL 1232291, at *1 (W.D. Okla. May 5, 2026). Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Respondents also object to Judge Maxfield's conclusion that Petitioner's lack of hearing violates due process and that at any bond hearing, the burden should be on the Government. *See* Obj. at 9-12. However, the Court declines to address Petitioner's due process claim thus mooting the objection. Additionally, the Court finds that the issue of burden shifting is premature and not fit for adjudication at this stage. A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985) (citation omitted). At this time, no

immigration judge has conducted a hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework.  Accordingly, the Court declines to issue an advisory opinion instructing application of a particular burden of proof. *See Rawal*, 2026 WL 1232291, at *1 (declining to prospectively order Immigration Judge to adhere to specific burden of proof at bond hearing); *Singh v. Figueroa*, No. CIV-26-600-R, Doc. No. 13 at 2, n. 2 (W.D. Okla. May 1, 2026) (same); *Ronda v. Figueroa*, No. CIV-26-565-J, 2026 WL 1146026, at *2 (W.D. Okla. Apr. 28, 2026) (same).

Accordingly, the Report and Recommendation [Doc. No. 17] is ADOPTED IN PART and Petitioner's Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) [Doc. No. 1] is GRANTED in so far as it alleges Respondents violated the INA.  The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order, or release Petitioner if no hearing occurs within that period.  Respondents shall certify compliance within ten days of the date of this Order.  The Report and Recommendation is REJECTED IN PART as the Court declines to issue an advisory opinion regarding the burden of proof.

A separate judgment will enter.

IT IS SO ORDERED this 13th day of May, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

3